**Jean BAUMANN, Claimant-Appellant,**

v.

**The ESTATE OF Seymour L. ROSEN-THAL, Estate No. 65188, St. Louis County, Respondent.**

**No. 43231.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Burton Newman & Ronald C. Gladney, St. Louis, for claimant-appellant.

Mark G. Arnold & Lawrence P. Katzenstein, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for respondent.

PER CURIAM.

Claimant Mrs. Jean Baumann appeals from the probate court's substantial denial of her claim. Thereby she relied on the decedent's alleged promise to pay the 42 $400 monthly installments due by her on the purchase money mortgage she had executed in Florida covering the car Mr. Rosenthal had given her as a pre-marital gift. This unusual arrangement arose from Mr. Rosenthal's inability to borrow the purchase money in Florida. So, claimant contends, she executed rejected Exhibit 5, her purchase money mortgage, but that decedent had agreed to make all the payments; he had made three of them before he died.

The probate court granted the claim only to the extent of eight $400 installments claimant had paid after Mr. Rosenthal's death. Claimant appeals, contending she is entitled to the full amount of the unpaid installments.

Claimant relied on the testimony of Herbert E. Carp, Mr. Rosenthal's former employer: Without objection he testified to conversations with Mr. Rosenthal who told him of his love for and planned formal marriage to claimant Jean Baumann, a widow; he told Mr. Carp he had just traded in her car in buying her a Lincoln automobile as a pre-marital gift, had made three $400 monthly payments to a Florida bank by checks noting that they were "car payments for Jean Baumann"; Mr. Rosenthal told Mr. Carp "he had paid well over $15,000 for the car", and intended to pay the note in full when he got his annual bonus; he explained to Mr. Carp that as a non-resident of Florida he could not borrow the money there.

In the trial court claimant offered herself as a witness to the security agreement she had executed to secure the monthly installments; the trial court sustained the estate's objection on the ground her proposed testimony related to a transaction covered by the Dead Man's Statute, Sect. 491.010, RSMo 1978.

Claimant initially complains the trial court erred in barring her testimony as to the present, that is the post-administration, balance on the note. This, she contends; because the excluded fact related not to the original amount of the loan, but to its present status. We find this specious reasoning and no cited case supports claimant's contention. The "present status" of the

note cannot be shown without showing the note itself. This was excluded by the trial court on the ground it would violate the Dead Man's Statute. We find no error in this.

■ Claimant's second point is that the court erred again in holding that under the Dead Man's Statute she was incompetent to testify as to the status of her purchase-money note. This, she contends, because defendant waived the statute by agreeing to the admission into evidence of the three $400 checks Mr. Rosenthal had paid on her note. This admitted evidence was merely that Mr. Rosenthal had made three $400 payments on claimant's note. We find nothing in this that waived defendant's objection to claimant's incompetency under the Dead Man's Statute. We deny claimant's second point.

■ By her last point claimant contends the trial court erred in limiting her recovery to the eight $400 payments she had made after Mr. Rosenthal's death. This, she argues, because Mr. Carp testified for her that Mr. Rosenthal had agreed to pay "well over $15,000 for the car", but he added: "He didn't tell me the exact amount." Since the claimant's purchase money security document was not in evidence the trial court correctly found there was "no direct evidence to indicate how much remains to be paid on the loan." No error here.

Judgment affirmed.

All Judges concur.